FILED

SEP 2 8 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Eastern District of Virginia |
|---|---|

| | |
|---|---|
| **Name** (under which you were convicted): Bruce Williams | **Docket or Case No.:** 3:16cv802 |
| **Place of Confinement:** River North Correctional Center<br><br>329 Dell Brook Lane, Independence, Virginia 24348 | **Prisoner No.:** 1104907 |

| | |
|---|---|
| **Petitioner** (include the name under which you were convicted)<br>YUSELF MUHAMMAD          v.<br>F.K.A.  BRUCE WILLIAMS | **Respondent** (authorized person having custody of petitioner)<br>HAROLD W. CLARKE, DIRECTOR,<br>VIRGINA DEPARTMENT OF CORRECTIONS |
| The Attorney General of the State of Virginia | |

## PETITION

1.  **(a) Name and location of court which entered the judgment of conviction you are challenging:**
    Circuit Court of the City of Portsmouth

    **(b) Criminal docket or case number (if you know):** CR110937

2.  **(a) Date of judgment of conviction (if you know):** March 14, 2013

    **(b) Date of sentencing:** March 14, 2013

3.  **Length of sentence:** 40 Years

4.  **In this case, were you convicted on more than one count or of more than one crime? Yes [ ]  No [X]**

5.  **Identify all crimes of which you were convicted and sentenced in this case:** Second Degree Murder

6.  **(a) What was your plea? (check one)**

    **(1) Not guilty [X]      (3) Nolo contendere (no contest) [ ]**

    **(2) Guilty [ ]          (4) Insanity plea [X]**

    **(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to?** N/A

    **(c) If you went to trial, what kind of trial did you have? (Check one)**

    Jury [ ]          Judge only [X]

7.  **Did you testify at pretrial hearing, trial, or a post-trial hearing? Yes [ ]   No [X]**

8.  **Did you appeal from the judgment of conviction? Yes [X]   No [ ]**

9.  **If you did appeal, answer the following:**

1

(a)   **Name of court:** Court of Appeals of Virginia

(b)   **Docket or case number (if you know):** 0502-13-1

(c)   **Result:** Denied

(d)   **Date of result (if you know):** November 13, 2013

*(e)*   **Citation to the case (if you know):** *Unknown*

(f)   **Grounds raised:** (1) Trial Court erred in denying motion to suppress; (2) Trial Court erred in denying motion to strike; (3) Trial Court erred in finding defendant guilty despite evidence of insanity; (4) Trial Court erred in denying motion to set aside verdict

(g)   **Did you seek further review by a higher state court?  Yes [X]   No [ ]**
      **If yes, answer the following:**

    (1)   **Name of court :** Supreme Court of Virginia

    (2)   **Docket or case number (if you know):** 140419

    (3)   **Result:**  Refused

    (4)   **Date of result (if you know):**  October 14, 2014

    (5)   **Citation to the case (if you know):** *Unknown*

    (6)   **Grounds raised:** Same as C.O.A.

(h)   **Did you file a petition for certiorari in the United States Supreme Court?  Yes [ ]   No [X]**
      **If yes, answer the following:**

    (1)   **Docket or case number (if you know):** N/A

    (2)   **Result:** N/A

    (3)   **Date of result (if you know):** N/A

    (4)   **Citation to the case (if you know):** N/A

10. **Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  Yes [X]   No [ ]**

11. **If your answer to Question 10 was "yes," give the following information:**

(a)   **(1) Name of court:** Circuit Court of the City of Portsmouth

    **(2) Docket or case number (if you know):** CL15-3655

    **(3) Date of filing (if you know):** October 1, 2015

    **(4) Nature if proceeding:** Petition for Writ of Habeas Corpus

    **(5) Grounds raised:** (1) Violation of the Fifth Amendment right against self-incrimination; Police ignored request for attorney; (2) Petitioner's due process rights were violated by the court's

rejection of mental health expert's testimony that he suffered from an irresistable impulse.

    **(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ]  No [X]**

    **(7) Result:** Denied/Dismissed

    **(8) Date of result (if you know):** *Unknown*

**(b)**    **Did you appeal to highest state court having jurisdiction over the action taken on your petition, application, or motion? Yes [X]  No [ ]**

**(c)**    **If you did not appeal to highest state court having jurisdiction, explain why you did not:** N/A

**12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.**

**GROUND ONE: <u>My Fifth Amendment right against self-incrimination was violated when the police ignored my requests for an attorney prior to soliciting a statement that was later used against me.</u>**

    **Supporting facts and law (State the specific facts and law that support your claim):**

    The U.S. Supreme Court in <u>Michigan v. Mosley</u>, 423 U.S. 96 (1975), stated that the "right to cut off questioning" must be "scrupulously honored", and that after an accused has insisted his right to silence the police may not "persist in repeated efforts to wear down his resistance and made him change his mind". *Id* at 104-06.

    The question is whether the admission of the statement during the guilt phase was harmless error. In <u>Chapman v. California</u>, 386 U.S. 18 (1967), the Court found that the state must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.

    The harmless error inquiry is fact specific and requires an analysis of the particular facts at hand. In this case, the "confession" taken after the Miranda violation was the only concrete, non-circumstancial piece of evidence the state had to prove the elements of second degree murder. This Court must entertain with an open mind that the trial court took the confession seriously and relied on it to tip the balance in favor of guilt.

3

If the <u>Miranda</u> and <u>Chapman</u> rules are to retain any vitality and not be overruled subsilentio, this Court must not allow police officers and prosecutors to use at trial evidence taken in clear violation of the 5th and 6th Amendments, evidence which could have affected the outcome of the case. See <u>Dixon v. Honk</u>, 627 F.3d 553 (6th Cir 2010).

I n this case, the detectives action and strategy contravenes the clear language of Chief Justice Warrens opinion in <u>Miranda</u> itself. "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent the interrogation must cease. At this point he has shown that he intends to exercise his 5th Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked. If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent." *Id*

The Supreme Court has consistently maintained that the bright-line rule of Miranda against further interrogation by police remain in effect. Eg., <u>Edwards v. Arizona</u>, 451 U.S. 477 (1981).

According to the finding by the Court of Appeals, during questioning I inquired about an attorney: (Appellant: Can I ask you a question? Can I be represented by an attorney? After a pause, Funkhouser showed appellant a photograph of a murder victim other that Carroll. Branch [the other detective] asked appellant to help them understand what happened. Appellant went on to state that he herad voices that told him to kill people and admitted that he had killed Carroll.)

Because this is a collateral review, the conviction may be reversed if the improper admission of the

4

statement had a "substantial and injurious effect or influence in determining the [court's] verdict."

Brecht v. Abrahamson, 507 U.S. 619 (1993). If a *denovo* review of the records finds the facts in "equipoise",

however, a habeas court should "treat the error ... as if it affected the verdict "and grant the petition. O'Neal

v. McAninch, 513 U.S. 432 (1995). Moreover, waiver cannot be found from a suspect's continued response

to questions, even if he is again advised of his rights". Smith v. Endell, 860 F.2d 1528, 1529 (9th Cir. 1988).

During questioning, I made the requisite "expression of desire" for the help of a lawyer if one were available

which the original detective fully understood.

      The evidence presented is equivocal and leaves room for reasonable doubt. Further, defendants own

confession is probably the most probative and damaging evidence that can be admitted against him. Arizona

v. Fulminante, 499 U.S. 279 (1991). At the very least, the facts of this case are in equipoise. As such, this

court should grant the petition. See O'Neal, 513 U.S. at 435.

**(a) If you did not exhaust your state remedies on Ground One, explain why:** N/A

**(b) Direct Appeal of Ground One:**

    **(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [X]   No [ ]**

    **(2) If you did not raise this issue in your direct appeal, explain why:** N/A

**(c) Post –Conviction Proceedings:**

    **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**

        **Yes [X]   No [ ]**

    **(2) If your answer to Question(d)(1) is "Yes," state:**

        **Type of motion or petition:** Petition for Writ of Habeas Corpus

        **Name and location of the court where the motion or petition was filed:** Circuit Court of the City of Portsmouth

        **Docket or case number (if you know):** CL15-3655

        **Date of the court's decision:** *Unknown*

        **Result (attach a copy of the court's opinion or order, if available):** Denied/Dismissed

    **(3) Did you receive a hearing on your motion or petition?**

Yes [ ]   No [X]

(4) **Did you appeal from the denial of your motion or petition?**

Yes [X]   No [ ]

(5) **If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?**

Yes [X]   No [ ]

(6) **If your answer to Question (d)(4) is "Yes," state:**

**Name and location of the court where the appeal was filed:** Supreme Court of Virginia

**Docket or case number (if you know):** Unknown

**Date of the court's decision:** Unknown

**Result (attach a copy of the court's opinion or order, if available):** Refused

(7) **If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:** N/A

(d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None


**GROUND TWO**: <u>My substantial right to due process was violated when the trial court rejected the mental health expert's testimony that I suffered from disorders that would otherwise have excused criminal liability. The evidence was therefore insufficient as a matter of law to support a conviction of Second Degree Murder beyond a reasonable doubt.</u>

**Supporting facts and law (State the specific facts and law that support your claim):**

This case is a striking example of a legal system that processed me as a number rather than as a human being; it signals a breakdown of a process that might very well be in need of review, adjustment, and repair. My psychiatric illness was not given so much as a sideways glance by the parties involved. Not only did my public defender trial attorney drop the ball; so did the court-appointed mental health doctors (a psychologist and a psychiatrist), both of who failed to conduct even a sufficient inquiry into my family background and extensive medical history. As a result, the state trial court proceeded without any awareness of my condition.

The standard of review for a claim of insufficient evidence is whether, viewing the evidence in the

light most favorable to the prosecution, <u>Goldsmith v. Witkowski</u>, 981 F. 2d 697, 701 (4th Cir. 1992), cert. denied, __ U.S. __, 113 S.Ct. 3020, 125 L.Ed.2d 709 (1993), and according the benefit of all reasonable inferences to the government, <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982), any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The standard is obviously rigorous. As the United States Supreme Court has reiterated, "the writ of habeas corpus has historically been regarded as an extraordinary remedy". <u>Brecht v. Abrahamson</u>, __ U.S. __, __, 113 S.Ct. 1710, 1719, 123 L.Ed. 2d 353 (1993). Nevertheless, however circumscribed, the writ remains a remedy a remedy, "a bulwark against convictions that violate fundamental fairness". Id. (quoting Engle v. Issac, 456 U.S. 107, 102 (1982)).

The very existence of the "*Jackson Test*" presupposes that juries accurately charged on the elements of a crime and on the strict burden of persuasion to which they must hold the prosecution, nevertheless, "may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt". The test was adopted to provide an additional safeguard against that possibility, and was to give added assurance that guilt should never be found except on a rationally supportable "state of near certitude". <u>West v. Wright</u>, 931 F.2d 262, 268 (4th Cir. 1991) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 315 (1979).

Whether a conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt, is not a question of fact, but one of law. A conviction based upon mere suspicion or probability of guilt, however strong, cannot stand. See <u>Bridgeman v. Commonwealth</u>, 3 Va.App. 523 (1986). Applying these principles to the evidence in the instant case, the evidence is insufficient to establish that I was guilty of committing second degree murder considering the circumstances of my mental status.

The sole evidence establishing the elements needed for a second degree murder conviction was my confession. For various reasons as argued in the first ground of this petition, this evidence is of dubious

7

reliability and insufficient alone to support guilt.

When considering all of these circumstances, the Commonwealth did not prove the necessary elements of the crime of second degree murder beyond a reasonable doubt. Satisfaction of this burden is required by the Constitution, and the Commonwealth simply failed to exclude my reasonable hypothesis of innocence.

At the outset, it is worth noting that circumstantial evidence need not exclude every reasonable hypothesis of innocence. Stamper v. Muncie, 944 F.2d 170 (4th Cir. 1991). Rather, "circumstances altogether inconclusive, if separately considered, may by their number and joint operation...be sufficient to constitute conclusive proof". Id. (internal quotations and citations omitted). Even allowing for this important caveat, it is my argument that a rational trier of fact still could not determine that the evidence supports a finding of guilt beyond a reasonable doubt. Instead, what the evidence shows is that, at the very least, I committed a murder while under a heavy mental strain, during which time I was hearing voices and suffering from delusions.

Moreover, according all reasonable inferences to the benefit of the prosecution, I believe a rational trier of fact possibly could conclude beyond a reasonable doubt that following the crime, I understaood what had happened and secured the scene for my escape. It is the next step, an inference that I was within a "state of near certitude" sane at the time of the offense that the evidence simply cannot support. To start with the assumption that the crime was committed and then to show that each piece of circumstantial evidence can be explained in a consistent manner is fundamentally different from examining each piece of evidence and finally concluding beyond a reasonable doubt that the petitioner is guilty. The prosecution has attempted to accomplish only the first alternative, not the second. (quoting Evans-Smith v. Taylor, 19 F.3d 899 (4th Cir. 1994)).

A federal habeas corpus court must consider not whether there was any evidence to support a state-

court conviction, but whether there was sufficient evidence to justify a rational trier of fact to find guilt

beyond a reasonable doubt.  In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

      To uphold these convictions privileges the prosecution at the expense of the constitution.

**(a) If you did not exhaust your state remedies on Ground Two, explain why:** N/A

**(b) Direct Appeal of Ground Two:**

    **(1) If you appealed from the judgment of conviction, did you raise this issue?   Yes [X]   No [ ]**

    **(2) If you did not raise this issue in your direct appeal, explain why:** N/A

**(c) Post –Conviction Proceedings:**

    **(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**

        **Yes [X]   No [ ]**

    **(2) If your answer to Question(d)(1) is "Yes," state:**

        **Type of motion or petition:** Petition for Writ of Habeas Corpus

        **Name and location of the court where the motion or petition was filed:** Circuit Court of the City of Portsmouth

        **Docket or case number (if you know):** CL15-3655

        **Date of the court's decision:** *Unknown*

        **Result (attach a copy of the court's opinion or order, if available):** Denied/Dismissed

    **(3) Did you receive a hearing on your motion or petition?**

        **Yes [ ]   No [X]**

    **(4) Did you appeal from the denial of your motion or petition?**

        **Yes [X]   No [ ]**

    **(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?**

        **Yes [X]   No [ ]**

    **(6) If your answer to Question (d)(4) is "Yes," state:**

        **Name and location of the court where the appeal was filed:** Supreme Court of Virginia

        **Docket or case number (if you know):** Unknown

        **Date of the court's decision:** Unknown

        **Result (attach a copy of the court's opinion or order, if available):** Refused

    **(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this**

issue: N/A

   (d) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None

13. **Please answer these additional questions about the petition you are filing:**

   (a) **Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?**     Yes [X]          No [ ]
   **If your answer is " No," state which grounds have not been so presented and give your reason(s) for not presenting them:** N/A

   (b) **Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:** No

14. **Have you previously filed any type of petition, application, or motion in federal court regarding the conviction that you challenge in this petition?**     Yes [ ]          No [X]

15. **Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?**     Yes [ ]     No [X]

16. **Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:**

   (a) **At preliminary hearing:** Matt Johnson (Portsmouth Public Defender); 1 Guardian Street, Portsmouth, Virginia 23705
   (b) **At arraignment and plea:** Matt Johnson (Portsmouth Public Defender); 1 Guardian Street, Portsmouth, Virginia 23705
   (c) **At trial:** Matt Johnson (Portsmouth Public Defender); 1 Guardian Street, Portsmouth, Virginia 23705
   (d) **At sentencing:** Matt Johnson (Portsmouth Public Defender); 1 Guardian Street, Portsmouth, Virginia 23705
   (e) **On appeal:** W. McMillian Powers (Portsmouth Public Defender); 1 Guardian Street, Portsmouth, Virginia 23705
   (f) **In any post-conviction proceeding:** Pro-Se
   (g) **On appeal from any ruling against you in a post-conviction proceeding:** Pro-Se

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?**     Yes [ ]     No [X]

18. **TIMELINES OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 22449(d) does not**

**bar your petition**[*]. I am arguing that the statute of limitations, which is a procedural bar to the consideration of this petition, does not apply due to my claim that I am actually innocent of the crime for which I was convicted.  Because I was legally insane at the time of the offense, I was unable to understand the elements of the crime for which I was convicted and the Commonwealth was unable to prove those elements at my trial.

**Legal Standard**

The United States Supreme Court has held that a claim of actual innocence can be raised "to avoid a procedural bar to the merits of [the petitioner's] constitutional claims". Schlup v. Delo, 513 U.S. 298 (1995)." In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478 (1986).  In Schlup, the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. Schlup, 513 U.S. at 317. The actual innocence claim in Schlup is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. at 315. See also House v. Bell, 547 U.S. 518 (2006); McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) (Actual innocence, if proved held to be gateway through which state prisoner petitioning for federal habeas corpus relief might pass, regardless of whether impeded by procedural bar or expiration of 28 U.S.C.S. §2244 (d) (1)'s limitations period; a

---

[*] **The Antiterrorism and Effective Death Penalty Act of 1996("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:**

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
   (A) The date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
   (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11

credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocence persons).

As required, in the claim presented arguing the sufficiency of the evidence, I have demonstrated a colorable showing of actual innocence. Thus, meeting the "gateway" standard set forth in <u>Schlup</u>, the arguments presented therein should be accepted as true and the otherwise untimely constitutional claim reviewed on its merits.

**Therefore, petitioner asks that the Court grant the following relief:** VACATE the convictions and sentence given in the state criminal proceedings and ORDER the Commonwealth to retry or release the petitioner, **or any other relief to which petitioner may be entitled.**

Respectfully Submitted this 13th day of September, 2016.

_Yuself Muhammad_
Signature of Petitioner, Pro-Se
Yuself Muhammad #1104907

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the** 15th **day of** September **,** 2016 **. (day, month, year)**

**Executed (signed) on this** 15th **day of** September , 2016 .

_Yuself Muhammad_
Signature of Petitioner, Pro-Se
Yuself Muhammad #1104907